Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ACTSS, LLC.<br>**Apelante**<br><br>V.<br><br>CBL REALTY, SE<br>**Apelado** | KLAN202301148 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil. Núm. SJ2021CV02635<br><br>Sobre:<br>Cobro de Dinero, Incumplimiento de Contrato; Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de febrero de 2024.

I.

El 26 de diciembre de 2023, ACTSS, LLC (ACTSS o apelante) compareció ante nos mediante una *Apelación* y solicitó la revisión de una *Sentencia* que presuntamente emitió el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) el 19 de octubre de 2023. Según alega el apelante, mediante el aludido dictamen, el TPI desestimó la *Demanda* contra CBL Realty (CBL o apelada) bajo la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V. R. 39.2 y lo anotó en rebeldía en cuanto a la reconvención que presentó el apelado en su contra. Así pues, ACTSS impugnó el referido dictamen y formuló los siguientes señalamientos de error:

> **Erró el Tribunal de Primera Instancia al desestimar la Demanda presentada por la apelante sin dar oportunidad a presentar sus argumentos.**
>
> **Erró el Tribunal de Primera Instancia al desestimar la Demanda presentada por la apelante cuando consta en el expediente judicial que este caso no está maduro para que se celebre una conferencia con**

**antelación a la vista en su fondo, hecho que fue advertido al TPI.**

Cabe precisar que, junto a su *Apelación*, el apelante presentó una *Solicitud de Autorización para Radicación Posterior* [...] mediante la cual solicitó que le autorizáramos radicar una sola copia del apéndice del recurso. Atendida la solicitud, el 9 de enero de 2024, emitimos una *Resolución* mediante la cual le concedimos quince (15) días a partir de la notificación de la *Resolución* para someter dos (2) copias del apéndice. Además, le concedimos veinte (20) días a la parte apelada para que presentara su oposición al recurso transcurrido el término de quince (15) días antes expuesto.

El término para presentar las copias del apéndice del recurso vencía el 24 de enero de 2024, sin embargo, vencido el término para ello, el apelante nunca presentó los apéndices. Posteriormente, el 14 de febrero de 2024, la parte apelada presentó una *Moción Solicitando Desestimación* [...] y en esta solicitó la desestimación del recurso ya que la parte incumplió con nuestra orden y nunca presentó las copias del apéndice.

Por los fundamentos que expondremos a continuación, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción.

II.

**-A-**

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.,* 207 DPR 586, 600 (2021). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier

etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales "debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado. *Cordero v. Oficina de Gerencia de Permisos y otros*, 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *González v. Mayagüez Resort & Casino,* supra, pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, 194 DPR 96, 103 (2015). Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

Asimismo, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, faculta a este Foro a desestimar *motu proprio* o a solicitud de parte un recurso apelativo si se satisface alguno de los criterios contenidos en la regla. Esta, en lo pertinente, dispone que:

[…]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

**(1) que el Tribunal de Apelaciones carece de jurisdicción.** (Énfasis suplido).

[…]

(C) El Tribunal de Apelaciones a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

**-B-**

La Regla 74 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 74 exige que las partes presenten un apéndice como parte de su recurso. A tenor con ello y en lo pertinente al caso ante nos, por su parte, la Regla 16(E)(1) del referido reglamento, 4 L.P.R.A. Ap. XXII-B, R. 16(E)(1) establece el contenido que debe acompañar un apéndice de un recurso de apelación. Particularmente esta Regla dispone lo siguiente:

> **Regla 16. Contenido del escrito de apelación en casos civiles**
>
> El escrito de apelación contendrá:
>
> (E) Apéndice -
>
> (1) El escrito de apelación, salvo lo dispuesto en la cláusula (2) de este inciso y en la Regla 74, incluirá un apéndice que contendrá una copia literal de:
>
> (a) Las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones.
>
> (b) La sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma.
>
> (c) Toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden.
>
> (d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación; o que sean relevantes a éste.
>
> (e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.
>
> 2) El Tribunal de Apelaciones, a petición de la parte apelante en el escrito de apelación, en moción o motu proprio, podrá permitir a la parte apelante la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de la presentación del escrito de apelación, dentro de un término de quince días contado a partir de la fecha de

notificación de la resolución del tribunal que autoriza la presentación de los documentos.

La omisión de incluir los documentos del Apéndice no será causa automática de desestimación del recurso. De no autorizarse por el Tribunal de Apelaciones la presentación de los referidos documentos dentro del término antes indicado, tal omisión podría dar lugar a la desestimación del recurso.

En reiteradas ocasiones, nuestro más alto foro ha establecido que las partes deben observar rigurosamente los requisitos reglamentarios para perfeccionar los recursos presentados ante el Tribunal Supremo y este foro intermedio. *M-Care Compounding v. Departo. Salud*, 186 DP 159, 176 (2012); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). Ello, para que podamos poseer la jurisdicción para poder revocar, modificar o confirmar el dictamen recurrido, así como para poder devolver el caso al foro apelado y así evitar que se desestime el caso por falta de jurisdicción.

III.

Como mencionamos anteriormente, el apelante presentó junto a su recurso de *Apelación* una moción solicitando un término adicional para poder presentar una copia del apéndice del recurso. Evaluada la solicitud, le concedimos un término de quince (15) días para presentar dos (2) copias del apéndice del recurso. Dicho término vencía el 24 de enero de 2024. Sin embargo, transcurrió el término antes expuesto y el apelante no presentó las copias del apéndice.

Conforme al precitado derecho, es esencial que las partes observen rigurosamente los requisitos reglamentarios para perfeccionar los recursos ya que, si no cumplen con ellos, nos privan de poseer la jurisdicción para poder revocar, modificar o confirmar el dictamen recurrido. *M-Care Compounding v. Departo. Salud*, supra, pág. 176. Presentar el apéndice de un recurso de apelación es un requisito reglamentario que las partes deben cumplir para el perfeccionamiento de su recurso. La omisión de ello nos priva de

tener ante nos documentos esenciales que forman parte de los autos originales del TPI para poder llevar a cabo nuestra función revisora adecuadamente. Consecuentemente, no nos queda más remedio que decretarnos sin jurisdicción para atender el recurso en sus méritos. Esto conlleva a la desestimación del recurso que presentó el apelante al amparo de la Regla 83 (c) del Reglamento del Tribunal de Apelaciones, *supra.*

IV.

Por los fundamentos antes expuestos, **DESESTIMAMOS** el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelacione